IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHARAA SNEAD,

   Plaintiff,

v.

KAWVYARN SANDERS, *et al.,*

   Defendants.

Civil Action No.:  SAG-25-3179

**MEMORANDUM OPINION**

Self-represented plaintiff Sharaa Snead ("Plaintiff") filed the above-captioned Complaint together with a Motion to Proceed in Forma Pauperis.  ECF Nos. 1, 2. Plaintiff also supplemented her Complaint, ECF 4, which the Court has reviewed. Her Complaint must be dismissed for the reasons stated below.

Plaintiff, a Maryland resident, brings her Complaint against her neighbor, Kawvyarn Sanders, and her apartment complex, Potomac Commons Apartments and Townhomes, both of which she identifies as Maryland residents. ECF 1 at 2-3. Plaintiff asserts that she is bringing a civil rights discrimination claim. ECF 1 at 4. However, the entirety of her complaint is:

> I'm being harassed by the person that lives next door to me. Also by maintenance and management at Potomac Commons Apartments and Townhomes where I live.

The complaint itself makes no specific factual allegations pertaining to any actions taken by any of the named defendants.

Federal civil rights law provides discrimination protections to persons who belong to certain protected classes, such as race, gender, or disability, amongst others. But it does not provide general anti-harassment protections. Plaintiff has attached some records to the Complaint, ECF 1-2, perhaps identifying some of the conduct about which she complaints. But none of those records suggest any conduct by any named defendant relating to Plaintiff's membership in any protected class.

Title 28 U.S.C. § 1915 instructs district courts that they "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (extending 28 U.S.C. § 1915 screening to non-prisoner *pro se* litigants). Plaintiff's complaint fails to state a claim on which relief may be granted because, in the absence of any specific factual allegations describing what any defendant did, and how it relates to Plaintiff's protected class, it does not comport with the required pleading standards. Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' ...."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if

... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

Because Plaintiff's complaint contains insufficient facts to allow this Court to assess whether she has a cognizable cause of action, Plaintiff has failed to state a claim on which relief can be granted. Her federal complaint must be dismissed without prejudice and this case will be closed.

A separate Order follows.


__October 8, 2025___                              _____/s/_____
Date                                              Stephanie A. Gallagher
                                                  United States District Judge